It is not now necessary to decide the questions made for the defendant Edwards against the equity claimed by the plaintiff, upon the score of the pendency of the original suit against him, upon the bill of the other defendant. That suit is now decided in favor of the defendant therein; so that the sum recovered by him upon the bond of Robert Crawford is now found to be properly applicable to the debt to Edwards, as has already been decided at law. Whether Hooks could have any remedy against Edwards after the judgment at law, or whether the present be the proper remedy, especially at the period it was resorted to, cannot now be material, and are therefore not decided; though, upon the former point, there seems at least strong justice on the side of an administrator for relief in some way, had the suit of Howell against him resulted differently. In the event which has happened, this bill must be dismissed, with costs to Edwards.
A motion was made on behalf of Edwards for a decree here for the sum due him, upon the ground that his judgment was dormant. (262) This might be under the statute, if an injunction had been granted and a bond taken; but no injunction has ever been awarded, nor does it appear that the judgment at law is dormant, or even not satisfied by a levy of the money. Consequently, the motion must be refused, and Edwards left to proceed on his judgment at law, if it be yet unpaid.
PER CURIAM. Declare accordingly.
Cited: Geddy v. Stainback, 21 N.C. 479; Ray v. Blackwell, 94 N.C. 14;Moffit v. Maness, 102 N.C. 463. *Page 213